**SHAFFY MOEEL**
Cal. Bar No. 238732
FEDERAL DEFENDERS OF SAN DIEGO, INC.
225 Broadway, Suite 900
San Diego, California  92101-5008
Telephone:  (619) 234-8467
shaffy_moeel@fd.org

Attorneys for Mr. Soltero-Fonseca

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

(**HONORABLE BARBARA L. MAJOR**)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CASE NO. 08CR0165-BEN |
| ) | |
| Plaintiff, ) | Date: July 22, 2008 |
| ) | Time: 9:00 a.m. |
| v. ) | |
| ) | |
| AUGUSTIN SOLTERO-FONSECA, ) | **STATEMENT OF FACTS,** |
| ) | **MEMORANDUM OF POINTS AND** |
| Defendant. ) | **AUTHORITIES IN SUPPORT OF MOTIONS** |
| ) | |
| _____ ) | |

**I.**

**PROCEDURAL HISTORY**

On December 8, 2007, Mr. Soltero-Fonseca (hereinafter "Mr. Soltero") was arrested by Border Patrol Agents approximately five miles west of the San Ysidro, California Port of Entry and on half mile north of the United States/Mexico international boundary[1]. On December 10, 2008, Mr. Soltero was arraigned on a felony complaint charging him with being a deported alien found in the United States in violation of 8 U.S.C. § 1326. Mr. Soltero's preliminary hearing was set for December 20, 2007. In the interim, Mr. Soltero was hospitalized and did not appear for his preliminary hearing until January 3, 3008. On that date, Mr. Soltero asked for a two week continuance to consider the guilty

---

[1] These factual circumstances leading up to and at the time of Mr. Soltero's arrest are alleged by the government in the probable cause statement filed along with Mr. Soltero's complaint on December 10, 2008. Mr. Soltero does not concede these facts and reserves the right to challenge them at a later time.

plea offer made by the government. The Court continued the matter until January 17, 2008 but then, on its own motion, the Court continued the matter until January 22, 2008. On January 22, 2008, Mr. Soltero waived his right to an indictment and the government filed a three-count information charging him with illegal entry all in violation of 8 U.S.C. § 1325. This Court set a change of plea hearing for Mr. Soltero for February 5, 2008 which was continued until February 7, 2008, at the request of defense counsel. On February 7, 2008, this Court, at defense counsel's suggestion, ordered a competency evaluation of Mr. Soltero. A competency hearing was set for March 6, 2008.

On March 6, 2008, this Court granted the government a two-week continuance until March 18, 2008, because the government's evaluating doctor requested more time to complete this evaluation. Mr. Soltero's request that the time between March 6, 2008 and March 18, 2008, not be excluded under 18 U.S.C. § 3161 was denied and this time was ordered excluded.

On March 17, 2008, Dr. Rushton A. Backer, a forensic psychologist at the Bureau of Prisons Metropolitan Correctional Center, submitted a forensic evaluation concluding that Mr. Soltero's mental illness rendered him incompetent to stand trial.

On March 18, 2008, upon reviewing the report submitted by Dr. Backer, this Court found Mr. Soltero incompetent to face the charges against him and ordered him to a psychiatric facility for treatment for a period not to exceed four months. This Court requested that the government prepare an order setting the next date for status in this case. The government submitted an order one week later which the Court signed on March 27, 2008, setting a competency hearing for July 15, 2008.

On May 8, 2008, all parties received a letter from A.F. Beeler, complex warden of FCI Butner which indicated that Mr. Soltero was admitted to the Mental Health Unit of this facility on April 22, 2008. The letter further indicated that Mr. Soltero was being interviewed and tested by the facility's treatment team and that the warden has calculated Mr. Soltero's evaluation period to end on August 19, 2008. The warden noted that the facility's staff would submit a report to this Court within 14 working days of August 19, 2008.

On July 15, 2008, counsels for Mr. Soltero and the government appeared before this Court for a competency hearing. Mr. Soltero was not present. This Court notified the parties that it was in receipt of the May 8, 2008 letter from FCI Butner's Warden Beeler.   Counsel for Mr. Soltero argued

that Mr. Soltero's competency hearing should be set for August 6, 2008. Counsel for Mr. Soltero indicated that she arrived at this date because pursuant to 18 U.S.C. § 4241(d)(1), Mr. Soltero could not be committed to the custody of the Bureau of Prisons for restoration of competency for more than 4 months. The 4 months allowed under the statute run 10 days from the day this Court signed the order committing Mr. Soltero to a psychiatric facility for restoration of competency. This Court signed that order on March 27, 2008. Mr. Soltero's treatment should have begun on April 6, 2008. Thus, counsel for Mr. Soltero requested that this Court order a competency hearing for Mr. Soltero for not later than four months after this date, August 6, 2008. Counsel for Mr. Soltero further requested that this Court find that the time between April 6, 2008 and April 22, 2008 not be excluded pursuant to 18 U.S.C. § 3161(h)(1)(H). This Court ordered briefing on these issues and set a further status for July 22, 2008.

On July 16, 2008, the grand jury returned an indictment charging Mr. Soltero with attempted entry after deportation in violation of 8 U.S.C. § 1326.

This motion follows.

## II.

**THE COURT SHOULD NOT EXCLUDE TIME BETWEEN APRIL 6, 2008 AND APRIL 22, 2008.**

Enumerated within the Speedy Trial Act are exclusions from the computation of time in which an information or indictment must be filed. 18 U.S.C.§ 3161 (h). Two of these exclusions apply in Mr. Soltero's case; 18 U.S.C. § 3161(h)(1)(A) and 18 U.S.C. § 3161(h)(1)(H). Subsection (A) states: "delay resulting from any proceeding, including any examinations, to determine the mental competency or physical capacity of the defendant." 18 U.S.C. § 3161(h)(1)(A). Subsection (H) states: "delay resulting from transportation of any defendant from another district or to and from places of examination or hospitalization, *except that any time consumed in excess of ten days from the date an order of removal or an order directing such transportation, and the defendant's arrival at the destination shall be presumed to be unreasonable*." 18 U.S.C. § 3161(h)(1)(H).

On March 18, 2008, this Court found Mr. Soltero to be incompetent and on March 27, 2008, ordered Mr. Soltero to be transported to a suitable psychiatric facility for further treatment and

determination regarding the probability of regaining competency in the future. Mr. Soltero did not arrive at Butner Medical Center until April 22, 2008, 26 days after he was ordered transported to the medical facility. Under the Speedy Trial Act only 10 days is excludable for transport to a place of examination. 18 U.S.C. § 3161(h)(1)(H).

**A.   Only a 10 Day Period for Transport to a Medical Facility for Treatment Is Excludable Under the Speedy Trial Act**

The Ninth Circuit in McNeely v. Blanas found that a delay of 48 days in the return transportation of a defendant to court, *after being found incompetent*, was an unexplained delay which violated the Speedy Trial requirements. The remedy was Petitioner's immediate release from custody. McNeely v. Blanas, 2003 WL 21665156 (9th Cir. 2003). Previously, the Ninth Circuit in United States v. Taylor also found only a 10 day period for transportation to a medical facility excludable while the remaining time for transport was "presumed unreasonable." See United States v. Taylor, 821 F.2d 1377, 1384 (9th Cir. 1986), *rev'd on other grounds*, 487 U.S. 326 (1988).

Other circuits have agreed. In United States v. Noone, 913 F.2d 20 (1st Cir. 1990), the First Circuit found the entire time from when psychiatric examination is ordered until the defendant is ruled competent to stand trial excludable from the Speedy Trial computation *"unless there were impermissible delays in transporting him to or from the facility where he was examined or in conducting the examination."* United States v. Noone, 913 F.2d 20 (1st Cir. 1990). In Noone, after the magistrate judge ordered a competency examination, 40 days elapsed before Noone arrived at the Federal Medical Facility in Butner, North Carolina. Id. at 25. The court concluded, "Thus, under section 3161(h)(1)(H), 30 days are presumed to have elapsed due to unreasonable delay and to be nonexcludable". Id. The court further opined, "Section 3161(h)(1)(H) rather than section 3161(h)(1)(A) controls the excludability of this period of delay. Any other interpretation would render mere surplusage the specific reference in subparagraph (h)(1)(H) to transportation "to and from places of examination or hospitalization".Id. at FN 5. In addition, the footnote (FN 5) addressed the Speedy Trial Act Guidelines explaining, "unreasonable delay in transporting a defendant to or from an institution at which the examination takes place may serve to reduce the amount of excludable time under § 3161(h)(1)(A)." Id. at FN5. Lastly, In United States v. Castle, the Fifth Circuit also determined that transport time in excess of 10 days was not

excludable under the Speedy Trial clock. United States v. Castle, 906 F.2d 134 (5th Cir. 1990). Twenty-two days were taken (from the order directing his treatment at Springfield Medical Center to his arrival at Springfield Medical Center) to transport Castle to the Federal Medical Center in Springfield, Missouri for psychiatric examination. The Court found only 10 of those days to be reasonable and excludable from the Speedy Trial calculation. Id. at 137.

**1.    The Govt Has the Burden of Rebutting the Presumption of Nonexcludability**

Under the Speedy Trial Act, any time in excess of 10 days transporting a defendant raises a presumption of unreasonableness. After the presumption is raised, it is the government's burden to rebut the presumption of nonexcludability. See Taylor, 821 F.2d at 1384. In rebutting the presumption, the Ninth Circuit stated that "delays to accommodate the U.S. Marshal service are not excludable. See Id. at FN 10. "In the house report accompanying the Speedy Trial Act, the committed expressly denied that additional time should be allotted to permit economical transportation of prisoners in large groups. The committee cannot conclude that inconvenience to the U.S. Marshals or the minimal expense of transporting prisoners is an excuse for delaying the arraignment of a defendant." Id. In United States v. Castle, the Fifth Circuit stated that budgetary constraints were not enough to rebut the presumption. "The marshals service will always face budgetary constraints and this delay is but a symptom of that general problem. While accepting that the marshal's service has budgetary constraints imposed by Congress, prisoners have speedy trial rights imposed by congress also." 906 F.2d 134, 137 (5th Cir. 1990). As no explanation has been offered for the presumed unreasonable delay in transfer of Mr. Soltero, a Speedy Trial violation is presumed and this Court should not exclude time between April 6, 2008 and April 22, 2008.

**III.**

**THIS COURT SHOULD HOLD A COMPETENCY HEARING FOR MR. SOLTERO NO LATER THAN AUGUST 6, 2008.**

Pursuant to 18 U.S.C. § 4241(d), this Court ordered Mr. Soltero to be committed to the custody of the Attorney General. This section provides: "The Attorney General shall hospitalize the defendant for treatment in a suitable facility for such a reasonable period of time, **not to exceed four months**, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will

attain the capacity to permit the proceedings to go forward."  18 U.S.C. § 4241(d)(1). (emphasis added).

Four months from the day Mr. Soltero was ordered hospitalized by this Court, excluding the ten days permitted pursuant to 18 U.S.C. § 3161(h)(1)(H) for travel, is August 6, 2008.

18 U.S.C. § 4241(d)(2) allows this Court to order a defendant to be hospitalized for an additional reasonable period of time until--"(A) his mental condition is so improved that trial may proceed, **if the court finds that there is a substantial probability** that within such additional period of time he will attain the capacity to permit the proceedings to go forward; or (B) the pending charges against him are disposed of according to law; whichever is earlier."  (emphasis added).  Neither the government nor the staff of FCI Butner have asserted any reasons or grounds for the additional time requested to allow this Court to make a determination of whether there is such a substantial probability.  In fact, it appears from the May 8, 2008 letter from the warden of FCI Butner that the facility is not actually requesting *additional* time past the four months allowed, but rather, that the facility is miscalculating the time allotted by starting the clock from April 22, 2008 (the day Mr. Soltero was admitted to the hospital), rather than April 6, 2008 (ten days from the date Mr. Soltero was ordered hospitalized by this Court).   It is also problematic that in the May 8th letter, the facility requests permission to submit their report on Mr. Soltero within two weeks after what they incorrectly believe is the end of the four month period.  If the Court granted the government this option then the earliest a competency hearing could be held would be in early September, one whole month later than the four month period allowed under the statute.  This is impermissible.  This Court should order a competency hearing for August 6, 2008.

## IV.

## CONCLUSION

For the foregoing reasons, Mr. Soltero respectfully requests that the Court grant the above motion, order that time between April 6, 2008 and April 27, 2008 not be excluded, and order a competency hearing for August 6, 2008.

Respectfully submitted,

Dated: July 20, 2008        */s/ Shaffy Moeel*
                            **SHAFFY MOEEL**
                            Federal Defenders of San Diego, Inc.
                            Attorneys for Mr. Soltero